TREVOR M. PHILLIPS AND CAROLE A. PHILLIPS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Phillips v. Commissioner
Docket Nos. 32096-85, 14710-87
United States Tax Court
T.C. Memo 1990-481; 1990 Tax Ct. Memo LEXIS 526; 60 T.C.M. (CCH) 699; T.C.M. (RIA) 90481; September 6, 1990, Filed *526 Appropriate orders of dismissal will be entered. Decision will be entered for the respondent in docket No. 32096-85 and will reflect the respondent's concession with respect to additions to tax under section 6659. Decision will be entered for the respondent in docket No. 14710-87. Trevor M. Phillips, pro se. William H. Quealy, Jr., for the respondent. FEATHERSTON, Judge. FEATHERSTON
MEMORANDUM OPINION These cases are before the Court on respondent's motions to dismiss for lack of prosecution. Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Tax, I.R.C. Sections [1]
Docket No.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6659
6661(a)
32096-85
1981
$   197,079
$  9,854 *
$   59,124
--
1982
529,020
26,451 *  129,481
--
14710-87
1983
1,098,483
54,924 *
--
$ 274,621 Respondent also determined, as an alternative position with respect to section 6659, that section 6661(a) should be applied for 1982, *527 although the notice of deficiency does not specify the computed amount. Finally, for all three years, respondent determined an increased interest rate under section 6621(c) (formerly section 6621(d)). The petition in docket No. 32096-85 lists an address in Parkersburg, West Virginia, for petitioner Trevor Phillips (petitioner) and an address in Upland, California, for petitioner Carole Phillips. The petition in docket No. 14710-87 lists no address for petitioner and the same Upland, California, address for Carole Phillips. In accordance with an order of this Court dated October 2, 1989, these cases were called for trial on February 12, 1990, at the Court's trial session in Los Angeles, California. Before the calendar call, the Court received from petitioner a motion for change of venue in docket No. 32096-85, which was denied, and a lengthy trial memorandum. No appearance, however, was made by or on behalf of petitioners. Counsel for respondent moved orally to dismiss the cases for lack of prosecution. The Court directed counsel for respondent to file written motions that would be consistent with the Court's opinion in . The limited partnership *528 at issue in Ferrell is also involved here in that most of the adjustments to taxable income for each of 1981 and 1982 relate to petitioners' distributive share of income or loss from that partnership. Ferrell addressed, among other things, additions to tax relating to the taxpayers' investments in the limited partnership. The Court there concluded that the taxpayers' understatements of tax were not attributable to a valuation overstatement within the meaning of section 6659. . Respondent later filed a Motion to Dismiss for Failure to Properly Prosecute in each docket, seeking entry of decisions against petitioners. Respondent conceded the section 6659 addition to tax at issue in docket No. 32096-85, based on As a substitute for conceded section 6659, respondent reasserted his section 6661(a) alternative position for 1982 "in an amount equal to 10% of the entire deficiency for the year 1982." [2] *529 Respondent based his motions on Rules 123(b) and 149(a), which authorize dismissal of a case for failure of a petitioner properly to prosecute it. Respondent's motions further alleged that petitioners had not complied with Rule 91(a), which requires the parties to stipulate all relevant matters not privileged, and Rule 21(b)(4), which requires the parties to inform the Court promptly of any change in mailing address. [3]
Petitioner filed a response, opposing respondent's written motions, that included the following concession concerning Rule 91(a): 11. Respondent does correctly state that Petitioner refuses to negotiate, stipulate and/or settle any issues in re the above captioned cases directly with Respondent, Respondent's friends, operatives or delegates. Petitioner demands his day in Court and a resolution of all issues in front of an impartial trier of fact. Petitioner's response also failed to rebut the apparent Rule 21(b)(4) violations: 7. Respondent alleges *530 Petitioner purposefully fails to keep this Court apprised of his current address where correspondence might be expected to reach him. This Court should find it interesting that all notices mailed by Respondent have been consistently responded to therefore Petitioner is not in violation of Rule 21(b)(4). Rules are not laws and may be discretionarily applied * * * Petitioner attempted to justify his failure to appear at trial by citing concern for his "personal safety," which is allegedly jeopardized by corrupt government officials seeking to enforce an outstanding arrest warrant issued by the United States District Court for the Central District of California. [4]
Based on allegations in respondent's motions, some of which petitioner has conceded, petitioner is a fugitive from the District Court's arrest warrant. See ,supplemental *531 opinion , affd. without published opinion . Respondent in his answer in docket No. 14710-87 alleged that petitioner was a fugitive from justice and sought dismissal on that ground. We need not consider that contention as a ground for dismissal, however, because respondent has not so framed his argument in the pending motions. Rule 50(a). Also, the presence of joint petitioners, one of whom is not alleged to be a fugitive from justice, militates against dismissal on this ground. . We find that petitioner's failure to appear at trial has not been adequately explained. Despite the problem with incorrect or outdated mailing addresses noted earlier, there is no question that petitioner received notice of the trial. He demonstrated this by submitting the motion for change of venue in docket No. 32096-85 that specifically referenced (and attached a copy of) this Court's order setting the trial date. Ordinarily, the obligations of the Court reach no further than providing notice of the trial. See .However, even if petitioner's purported *532 "safety" concerns are in some sense legitimate, which we do not here decide, this does not explain the absence at trial of at least an authorized representative. Petitioner has repeatedly maintained (in his motion for change of venue, trial memorandum, and response to respondent's motions) that he has counsel. Petitioner's response to the pending motions also attempted to explain Carole Phillips' absence at trial. She "elected not to attend the proposed hearing based on a[n] Order issued by * * * a United States Bankruptcy Court which Order found her not to be liable for any deficiency arising out of the above captioned cases." Petitioner had first raised this point in his motion for change of venue: "For your information, Carole Phillips was discharged from any obligation arising out of my financial activities by The United States Bankruptcy Court, San Bernardino, California under the 'innocent spouse doctrine' some time ago." Petitioner's trial memorandum advanced a similar position and concluded with the statement that Carole Phillips "is therefore lawfully deleted as a petitioner by virtue of Discharge of Debtor, Case Number SB 89-02728LR." After petitioner filed his response *533 to respondent's motions, we directed respondent to file a status report in each docket, addressing Carole Phillips' bankruptcy, and to include a copy of the relevant portions of the bankruptcy court file. We also directed respondent to submit a memorandum of law if he continued to believe that Carole Phillips was liable for the determined deficiencies and additions to tax. In each docket, respondent filed a status report and a later supplement to the status report, with accompanying memoranda of law, and a copy of thebankruptcy court file. Respondent now concedes that Carole Phillips was the subject of a voluntary proceeding under chapter 7 of the Bankruptcy Code in 1989 and that respondent was notified of the commencement of that proceeding. Nonetheless, respondent continues to assert that Carole Phillips is liable for all the amounts determined in the cases before us. Petitioner filed his own status report in response to those of respondent, similarly accompanied by a memorandum of law. Petitioner's submissions to the Court in these cases have invariably been rambling discourses that are largely irrelevant and incoherent. Regarding Carole Phillips' failure to appear at trial, *534 petitioner seems to make two principal arguments. The first is that the bankruptcy court discharged her Federal tax liabilities for the years here in question. The second argument, which petitioner never actually separates analytically from the first, is that the bankruptcy court considered the merits of respondent's tax determinations and found Carole Phillips not liable based on the innocent spouse provisions of section 6013(e). Concerning Carole Phillips' discharge, both petitioner and respondent have independently submitted a copy of the discharge order, dated August 15, 1989, of the United States Bankruptcy Court, Central District of California, San Bernardino Division (Case No. SB 89-02728LR). The discharge order states in part that Carole Phillips "is released from all dischargeable debts." Respondent argues that this Court lacks jurisdiction to consider the effect of the discharge order on the deficiencies here in dispute. Respondent further contends that, in any event, the tax liabilities at issue here were not discharged in the bankruptcy proceeding. The jurisdiction of this Court is limited by statute and we have no authority to enlarge upon that statutory grant of jurisdiction. *535 .To the extent here pertinent, that jurisdiction involves the determination, not the collectability, of deficiencies. In keeping with this principle, this Court lacks subject matter jurisdiction to decide whether a taxpayer's income tax deficiencies and additions to tax have been discharged in a bankruptcy proceeding. ; .Because this Court lacks jurisdiction, we do not reach the issue of whether the determined deficiencies were discharged in the bankruptcy proceeding. Although he never uses the legal terminology, petitioner's second argument appears to be grounded in res judicata or collateral estoppel principles. See generally ; . Petitioner maintains that the bankruptcy court found Carole Phillips not liable for the alleged tax liabilities under the innocent spouse provisions of section 6013(e) and that this Court must respect that finding. In general terms, the effect of res judicata is that once a court of competent jurisdiction *536 has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are bound by that judgment as to each matter that supported or defeated the cause of action and as to any other admissible matter that could have been offered for that purpose. . If the question of Carole Phillips' liability was, in fact, litigated and decided in the bankruptcy court, the judgment of the bankruptcy court would be controlling here. ; see The issue, then, is whether Carole Phillips' innocent spouse defense was litigated and decided by the bankruptcy court. The petition in neither docket mentions the innocent spouse provisions of section 6013(e) or any prior adjudication by the bankruptcy court that might provide a foundation for res judicata. Rule 39. The burden of proof rests with petitioners to establish an affirmative defense such as res judicata. Rule 142(a); .They have not met that burden. Petitioner's unsubstantiated assertions in his several submissions that the innocent spouse defense *537 was litigated do not constitute proof for the purposes of the pending motions. The only evidence we have of what happened in the bankruptcy court is the copy of the bankruptcy file attached to respondent's supplemental status report. Petitioners have not challenged the accuracy or completeness of that file. The file shows that Carole Phillips' bankruptcy petition listed as a creditor the Internal Revenue Service, with claims in unknown amounts for 1981 and 1982 and a claim for 1983 income taxes in the amount of $ 1,098,483. The bankruptcy court processed the matter as a "no assets" case. On April 7, 1989, the bankruptcy court ordered creditors not to file claims "until it is determined that there are assets in this case." On May 15, 1989, the trustee reported that the assets scheduled and not claimed exempt were encumbered beyond value or were otherwise of negligible value. The bankruptcy file contains nothing suggesting that the Internal Revenue Service filed a claim or that the innocent spouse provisions were ever considered, litigated, or even mentioned. The record before us contains nothing to support a contention that Carole Phillips' tax liabilities for the years here in *538 controversy were litigated in the bankruptcy court. Based on the foregoing, we find that neither petitioner nor Carole Phillips has established adequate justification for failing to appear, in person or by authorized representative, at the call of the calendar when these cases were set for trial. That petitioner is and has been for several years a fugitive from a District Court arrest warrant is not an acceptable excuse. Carole Phillips has personally presented nothing to justify her failure to appear. The arguments purportedly submitted on her behalf by petitioner are without merit. In these circumstances, respondent's motions to dismiss will be granted. Rules 21(b)(4), 91(a), 123(b), and 149(a). Respondent's section 6661(a) alternative determination for 1982, 10 percent of the total determined deficiency for that year, is sustained. Appropriate orders of dismissal will be entered. Decision will be entered for the respondent in docket No. 32096-85 and will reflect the respondent's concession with respect to additions to tax under section 6659. Decision will be entered for the respondent in docket No. 14710-87. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. * 50 percent of the interest due on the deficiency.↩
2. Congress increased the rate from 10 percent to 25 percent in 1986, effective for amounts assessed after October 21, 1986. Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002, 100 Stat. 1874, 1951; . The 10-percent rate sought in respondent's motion coincides with the rate applicable when respondent mailed the notice of deficiency.
3. The Court's attempted mailings to petitioners are routinely returned as undeliverable.↩
4. Petitioner's trial memorandum states that "When the unbalanced legal process failed to yield Petitioner's blood, Respondent's friends, operatives and delegates attempted kidnaping Petitioner wielding a forged, altered and tainted document as they posed as United States Marshals in order to commit bodily harm to Petitioner under color of federal authority * * *."↩